NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 6 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| WENZI PIAO, | No. 23-872 |
| Petitioner, | Agency No. A088-484-469 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 4, 2024**
Pasadena, California

Before: M. SMITH and BADE, Circuit Judges, and FITZWATER, District Judge.***

Petitioner Wenzi Piao, a native and citizen of the People's Republic of

China, petitions for review of the Board of Immigration Appeals' (BIA) dismissal

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

of her appeal from an Immigration Judge's (IJ) decision denying her applications for asylum, withholding of removal, and protection from removal under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a). We review factual findings for substantial evidence and legal questions de novo. *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020). We dismiss the petition in part and deny it in part.

1. Piao challenges the agency's determination that she was statutorily ineligible for asylum because she did not credibly establish an excuse for her untimely application. An asylum application must be filed within a year of a noncitizen's arrival in the United States, 8 U.S.C. § 1158(a)(2)(B), unless the applicant shows "either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application." *Id.* § 1158(a)(2)(D). There is no dispute that Piao's asylum application was untimely. The agency did not credit Piao's testimony concerning her claim that extraordinary circumstances caused her untimely filing.[1] We lack jurisdiction to review the agency's discretionary determination that rests on the IJ's resolution of an underlying factual dispute. *Alquijay v. Garland*, 40 F.4th 1099, 1102 (9th Cir. 2022). Accordingly, we lack jurisdiction to review the agency's denial of discretionary relief from the one-year

---

[1] Piao did not assert that changed circumstances excused her late filing.

time limit based on its resolution of a disputed issue of fact. *See Mukulumbutu v. Barr*, 977 F.3d 924, 925 (9th Cir. 2020) (stating that an adverse credibility determination is a factual finding); *see also Patel v. Garland*, 596 U.S. 328, 339 (2022) (reaffirming that "judicial review of factfinding is unavailable" under § 1252(a)(2)(D)). We therefore dismiss this portion of the petition for lack of jurisdiction.

2. Piao also challenges the agency's determination that she did not present credible evidence of past persecution as it pertains to her eligibility for withholding of removal. The agency identified numerous non-trivial inconsistencies within Piao's testimony, between her testimony and the documentary evidence in the record, and between her testimony and her husband's testimony. *See Shrestha v. Holder*, 590 F.3d 1034, 1040 (9th Cir. 2010) (stating that inconsistencies may be considered in assessing credibility under the totality of the circumstances). We must uphold an adverse credibility determination "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (per curiam). Substantial record evidence supports the credibility determination. *Kalulu v. Garland*, 94 F.4th 1095, 1101 (9th Cir. 2024). The IJ gave Piao sufficient opportunity to explain any inconsistencies and her explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.

2000). Additionally, substantial evidence supports the agency's determination that Piao's demeanor conveyed a lack of sincerity. *See Iman v. Barr*, 972 F.3d 1058, 1065 (9th Cir. 2020) (explaining that the agency may properly base an adverse credibility determination on an applicant's demeanor, lack of candor, or unresponsiveness). Accordingly, the BIA did not err in upholding the adverse credibility determination.

Therefore, substantial evidence supports the agency's conclusion that, given the adverse credibility determination, Piao's withholding of removal claim based on past persecution fails, because "the remaining evidence in the record is insufficient to carry her burden of establishing eligibility for relief." *Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017).

3. Piao forfeited review of the agency's denial of her claim for withholding of removal based on a fear of future persecution and its denial of CAT protection. Federal Rule of Appellate Procedure 28(a)(8) provides: "the argument . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Piao's opening brief, her only brief, does not challenge the agency's dispositive determinations related to withholding of removal based on a fear of future persecution or the denial of CAT protection. Accordingly, Piao forfeited review of these determinations. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.

1996).

**PETITION DENIED IN PART AND DISMISSED IN PART.**